**GITLIN v. GITLIN.**

No. 1866.

United States District Court,
E. D. New York.

April 29, 1954.

1. DiSabatino v. Mertz, D.C., 82 F.Supp. 248; Stofey v. U. S., D.C., 87 F.Supp. 81.

Eugene E. Lefkowitz, New York City, for defendant.

Leo Gitlin, New York City, in pro. per.

RAYFIEL, District Judge.

The plaintiff obtained a final decree of divorce against the defendant in the District Court of the Virgin Islands, Division of St. Thomas and St. John at Charlotte Amalie, providing, inter alia, for the payment by the plaintiff to the defendant of alimony at the rate of $31 per week. The plaintiff has defaulted in the payment of all or part of several of such weekly installments and on the date of the application herein was indebted to the defendant in the sum of $312.

The defendant caused a certified copy of the said judgment to be filed in the office of the Clerk of this Court in accordance with Title 28 U.S.C. § 1963, which provides that "a judgment in an action for the recovery of money or property entered in any district * * may be registered in any other district * * * [and] shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner. * * * "

That section is a revision of the proposed rule 77 of the Federal Rules of Civil Procedure then (1937) under consideration by the Advisory Committee on the said rules.

The defendant now moves to punish the plaintiff for contempt for failure to make the payments of alimony provided for in the aforementioned final decree.

I have been unable to find any authority for granting such relief. Volume 8, of House Report No. 308, on Revision of Title 28, United States Code, 80th Congress, 1st Session, 1947, in commenting on the proposed section 1963, U.S.C. states that "the phrase 'for the recovery of money or property' was not in the committee's draft of rule 77 of the Federal Rules of Civil Procedure but was inserted in the revised section to exclude judgments in divorce actions, and any other actions, the registration of which would serve no useful purpose."

Accordingly the motion is denied.